Simon, J.
This proceeding having been instituted by a person who alleges in his petition, that “ his interest requires that a proper person should be appointed to administer the succession of J. M. Tompkins, (which he intends to sue,) as he is a creditor thereof, and that the person appointed should be required to give bond and security according to law;” the Judge, a quo, granted an order to convene a family meeting for the purpose of appointing a tutor to the heirs (all minors) of the deceased, against whom, said tutor, the plaintiff’s proceedings could be had in the exercise of his rights against the estate. A family meeting was accordingly called, and a person was recommended to be appointed tutor of the minors, when, before the homologation of the proceedings of the family meeting, the minors’ mother and her second husband, both residing in the state of Mississippi, made opposition to the homologation, on divers grounds stated in their opposition, going to show the illegality of the proceedings complained of, and that the minors are already under the guardianship of their mother’s second husband, who was duly appointed as such, in the place where they all reside.
*111 Judgment was rendered below, .homologating the proceedings of the family meeting, and appointing the tutor therein recommended;' and from this judgment, the opponent, George N. .Parks, has appealed.
A written motion has been filed to dismiss this appeal, on the ground, that we cannot take cognizance of it, as the matter in dispute is hot within our jurisdiction.
It is true, it is admitted in the record that the appellee claims to be a creditor of the estate of Tompkins, and it is stated in a memorandum signed by the counsel on both sides, that no objection is made to his proceedings upon the ground that he is not a creditor, it being also understood that no admission is made that he is a creditor. It is also admitted, that the property of the estate of Tompkins has all been removed to the state of Mississippi, except, that said estate has judgment and other debts due it by persons residing in this state who are solvent, and that there are persons in Carroll who have claims and demands against the estate. But nothing in the record shows the amount of the ap-pellee’s claim against Tompkins’ estate, nor the value of the succession which is sought to be administered by the appointment of a tutor to the minor heirs of the deceased; and we have repeatedly held, that when, from the record, we cannot ascertain the amount of the succession, and are unable to say what is the sum in controversy, the appeal should be dismissed. 5 Mart. N. S. 185. 5 La. 36. 3 Rob. 10.
It appears, however, in this case, from the statement of facts, that the estate of Tompkins having been opened in the parish of Carroll, an inventory was made, and that all the proceedings had in the Court of Probates of said parish, were offered and received in evidence on the trial below; but those proceedings have not been brought up with the record, and it was the duty of the appellant to bring before us the necessary proof to show that he is entitled to an appeal. As the case stands, it does not appear that the present appeal is within our jurisdiction.

Appeal dismissed.